

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

June 18, 1974

The Honorable Harry P. Burleigh
Executive Director
Texas Water Development Board
P. O. Box 13087, Capitol Station
Austin, Texas 78711

Opinion No. H- 328

Re: Authority of the Texas
Water Development Board
regarding approval of plans
for the construction of levees
or other similar improvements.

The Honorable Joe Resweber
Harris County Attorney
Harris County Courthouse
Houston, Texas 77002

Gentlemen:

Each of you has asked our opinion as to the authority of the Texas
Water Development Board to approve plans for the construction of levees
or other similar improvements.

Mr. Burleigh's first question is:

> Does the Texas Water Development Board have the
> duty and authority to approve or disapprove the plans
> for proposed levees to be constructed by anyone other
> than a levee improvement district?

Mr. Resweber asks:

> Is the Harris County Flood Control District
> required to submit its plans for the rectification
> or partial realignment of natural streams to the
> Texas Water Development Board?

and

If the Harris County Flood Control District
is required to submit natural stream plans to the
Texas Water Development Board, does the require-
ment extend to the construction or improvement
of man-made lateral drainage facilities as well?

The Water Development Board (hereafter, the Board) is charged with
the responsibility of preparing and developing "a comprehensive state water
plan" and instructed to "direct its efforts toward the orderly development
and management of water resources in order that sufficient water will be
available at a reasonable cost to further the economic development of the entire
state." Sec. 11.101, Water Code, V.T.C.S.

It is the chief purpose of Subchapter K of the Water Code to provide
plans for improvements to reclaim land not suitable for use because of water
accumulation. Section 11.451, Water Code, V.T.C.S. The Board is given
broad powers within certain standards set by the Code. Secs. 11.452, 11.453
11.454, Water Code, V.T.C.S. The Subchapter concludes with Sec. 11.458,
which provides:

> (a) No person, corporation or levee improvement
> district may construct, attempt to construct, cause to
> be constructed, maintain, or cause to be maintained, any
> levee or other such improvement on, along, or near any
> stream of this state that is subject to floods, freshets, or
> overflows, so as to control, regulate, or otherwise change
> the floodwater of the stream, without first obtaining approval
> of the plans by the board.

> (b) Any person, corporation, or levee improvement
> district who violates any provision of this section is
> guilty of a misdemeanor and upon conviction is punish-
> able by a fine of not more than $100.

> (c) At the request of the board, the attorney general
> shall file suit in a district court of Travis County to enjoin

> any violation or threatened violation of this
> section.
>
> (d) This section does not apply to structures
> authorized by the Texas Water Rights Commission.

Furthermore, Sec. 57.102, Water Code, V. T. C. S., in the chapter dealing with levee improvement districts, expressly prohibits any "person, corporation, or district" from constructing a levee or other improvement on or near any stream which is subject to floods, freshets, or overflows, except for irrigation or "water improvement" purposes, without first obtaining approval of the plans from the Water Development Board. This provision replaced Article 136.3, Vernon's Texas Penal Code, which called for approval by the State Reclamation Engineer.

Therefore, we would answer Mr. Burleigh's first question in the affirmative, that the Texas Water Development Board does have the duty and authority to approve or disapprove plans for proposed levees to be constructed by any person, corporation or levee improvement district. The answer to Mr. Resweber's first question, as to whether the Harris County Flood Control District is one required to submit plans to the Board, will depend primarily upon whether it is a "person, corporation, or levee improvement district. "

The Harris County Flood Control District is not a general law "levee improvement district", Secs. 57.001 et seq. Water Code, V. T. C. S. It is, on the other hand, a special law district created in 1937 by Article 8280-120, V. T. C. S. Section 1 of Article 8280-120 provides that the District "shall be a governmental agency and body politic and corporate . . . " The District was created pursuant to Sec. 59 of Article 16 of the Texas Constitution, which provides that such districts "shall be governmental agencies and bodies politic and corporate . . . "

Nothing in the Act creating the District, nor in subsequent amendments, demonstrates a legislative intent that it should not be required to comply with statutes (Article 8028, R. C. S., 1925, repealed, 1967, and Article 1363, Texas Penal Code of 1925, now Section 57-102 of the Water Code), which requires

the approval of such plans by the Board or its predecessor.

No case has decided whether a Sec. 59 flood control district is a person or a corporation within Sec. 11.458 or Sec. 57.102 of the Water Code. But it has been held that it is a corporation within the prohibition of Sec. 52 of Article 3 of the Constitution prohibiting the lending of a county's credit to "any individual, association or corporation." Harris County Flood Control District v. Mann, 140 S. W. 2d 1098 (Tex. 1940). Compare San Antonio River Authority v. Sheppard, 299 S. W. 2d 920 (Tex. 1957) and Bexar County Hospital Dist. v. Crosby, 327 S. W. 2d 445 (Tex. 1959).

In addition, past Attorney General opinions have classified many similar governmental entities as "persons" for the purposes of taxation and administrative control over their actions. These entities include the State Board of Control, Opinion No. WW-721 (1959); the State Parks Board, Opinion No. WW-821 (1960); and the Texas Department of Corrections, Opinion No. M-651, M-651-A (1970). Such a construction is required in this case by Section 1.04 (2) of Article 5429b-2, V. T. C. S., which states the following:

> (2) "person" includes corporation, organization, government or governmental subdivision or agency, . . . , and any other legal entity;

It is our opinion that Harris County Flood Control District is a person or a corporation, within the coverage of Secs. 11.458 and 57.102, Water Code, V. T. C. S., and is required to obtain the approval of the Texas Water Development Board, so long as not otherwise excepted, and we answer Mr. Resweber's first question in the affirmative.

Not every activity in or about a stream subjects the actor to the regulation of the Water Development Board. Section 11.458 (d) itself, excepts structures authorized by the Texas Water Rights Commission. Only those levees or improvements need be approved which are constructed, or maintained on, along or near one of the described streams "so as to

control, regulate, or otherwise change the flood water of the stream. "
Whether, as asked by Mr. Resweber's second question, this requirement
extends to the construction or improvement of a man-made lateral drainage
facilities depends on the facts in a given situation, and resolution of this
question should at least initially be made by the Board subject to judicial
review. Security State Bank of San Juan v. State, 169 S. W. 2d 554 (Tex.
Civ. App., Austin, 1943, err. ref'd., w. o. m.) Consequently, the plans
for both lateral drainage facilities and rectification or partial realignment
of natural streams should be submitted to the Board for its determination
as to whether such structures would control, regulate, or otherwise change
the flood waters of the stream involved.

Finally, Mr. Burleigh asks:

> If such a duty exists, should the criteria and procedure
> which have heretofore been employed be followed, or
> must the Texas Water Development Board consider effects
> of a proposed levee upon the rights of third parties who
> may assert that their interests are adversely affected
> rather than consider only the technical aspects of whether
> a proposed levee will safely perform the function for
> which it is intended? If third party rights are to be
> considered, what procedures should be followed?

The "criteria and procedures which have heretofore been employed"
are described as follows:

> For as long as we have been able to determine,
> the State Reclamation Engineer as well as his various
> successors, including the Texas Water Development
> Board, have passed upon the plans of proposed levees
> according to two criteria only. These are:
>
> 1.    The construction of the levee must be
> based upon sound engineering principles
> so that its structural integrity will safely

> withstand the waters which it is designed
> to restrain, considering all topographic
> features including existing levees.
>
> 2.   The plan of the proposed levee must be
>      compatible with existing hydrological
>      conditions.  In this connection, con-
>      sideration must be given as to any
>      possible deleterious effects, such as
>      overtopping or undermining, upon any
>      existing system of levees.
>
> At no time in the past did the State Reclamation
> Engineer or any of his successors, including the
> Texas Water Development Board, act as an administra-
> tive tribunal in determining or adjudicating the rights
> of third parties.  Levee plans have always been approved
> if the two criteria stated above have been met and
> disapproved otherwise, without administrative hearings
> or the procedural requirements which accompany them.
> This has been the consistent administrative construction
> of the statutes relating to the approval or disapproval of
> proposed levee construction by the State Reclamation
> Engineer and his successors.

We find it difficult to understand how the Board can determine the propriety of a levee in a vacuum without giving consideration to the rights of third parties.

Indeed, Sec. 11.452, Vernon's Texas Water Code, which is a part of the same chapter as Sec. 11.458, specifically requires the Board to be governed by equitable considerations.  We believe a consideration of the rights of third parties is essential to any determination of whether a particular project is equitable.  We feel that, at the very least, third parties whose properties and rights are to be affected by activities over

which the Water Development Board has jurisdiction, should be given notice of the proposal and a reasonable opportunity to be heard.

The fact that the Water Code in Sec. 57.094, provides a procedure for suit to be brought by any interested person to set aside a reclamation plan approved by the Board, or that an injured party would have recourse to a suit for damage, [Henderson County Levee Improvement Dist. No. 3 v. Williams, 19 S.W. 2d 197 (Tex. Civ. App., Austin 1929, rev'd on other grounds, 36 S.W. 2d 204 (Tex. Comm. App. 1931)], would not, in our opinion, satisfy the statutory responsibility expressed in Sec. 11.452.

Other than to say, as we have, that interested third parties should be given notice and a reasonable opportunity to be heard, we cannot prescribe more specifically the procedure to be followed in each case.

### SUMMARY

The Water Development Board has the duty to approve or disapprove plans for proposed levees to be constructed by any person, corporation or levee improvement district on, along or near any stream that is subject to floods, freshets or overflows. The Harris County Flood Control District is a corporation within the statute.

In passing upon such plans the rights of third parties should be considered and such persons should be given notice and a reasonable opportunity to be heard.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

The Hon. Harry P. Burleigh
The Hon. Joe Resweber    page 8    (H-328)


APPROVED:

LARRY F. YORK, First Assistant


DAVID M. KENDALL, Chairman
Opinion Committee